### In re HOLMES et al.

Court of Customs and Patent Appeals.
February 6, 1930.

Patent Appeal No. 2213.

Charles H. Shamel, of Washington, D. C., for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. This case involves an appeal from the Commissioner of Patents affirming a decision of the Board of Examiners in Chief sustaining in part the decision of the Examiner denying the patentability of claims to a method of "reporting in writing testimony, speeches and other discourse."

Fifteen claims were embraced in the application. All were denied. Nos. 1 and 5 may be taken as typical:

"1. The method of producing a written record of spoken language which consists in a second person repeating such language into the transmitter of a sound-recording machine, placing the records so made on a sound-reproducing machine, and writing on an adapted surface the words so reproduced."

"5. The method of producing sound-records of long-continued oral proceedings, which consists in repeating said proceedings into the mouthpiece of a sound-recording device until the first record is nearly full, then starting a second record, repeating the continuation of said proceedings into the mouthpiece in such manner as to be recorded on both records, and continuing said repetition to be recorded on the second record, after the termination of the first record."

The references cited are: Dodge, 449,-349, March 31, 1891; Clausen, 1,206,987, Dec. 5, 1916.

Nothing new or inventive of a mechanical nature is claimed over the devices of the references. The claims are confined to the method described. Briefly stated, this method consists of a person listening to the speaker whose utterances it is desired to record and repeating them by spoken word into a dictating machine from which they can be transcribed into writing in the usual way.

The customary method now, in many instances, is for a stenographer to write the speech or other discourse in shorthand and then read it into the dictating machine from the shorthand characters. The method of applicants would eliminate the shorthand operation.

In the final analysis, the elements of the method claimed as new seem to consist of the use of (a) the sense of hearing and (b) the power of speech in repetition of what was heard. These are applied as steps in an old process of producing the spoken words in written form for such uses as may be desired.

We do not think it can be held to be invention to evolve the concept of having a person listen and then repeat into a dictating machine what he or she may hear.

Appellants present an ingenious and interesting argument, but it is not persuasive.

Surely neither the power to hear nor the power to repeat what one hears are of themselves patentable, at this period of human development, and we do not think a method of combining these faculties for the purposes described in the application comes within the purview of the patent statute.

The decision of the Commissioner is sound, and the same is affirmed.

Affirmed.